Citizens for Open Air Recreation by Leon Pashko et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Education and William Penn School District, Respondents.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*James Cunilio*, for petitioner.

*Grace D'Alo*, Assistant Attorney General, with her *Patricia A. Donovan*, Deputy Attorney General, Chief Counsel, for respondent, Pennsylvania Department of Education.

*John K. Steuerwald*, with him *Class, Saulnier, Dunn, Abel and Miller*, for respondent, William Penn School District.

OPINION BY JUDGE WILKINSON, JR., August 3, 1979:

The instant petition for review challenges an order of the Pennsylvania Department of Education (Department) giving final approval to William Penn School District's (District) plans for the construction of a new elementary school. We affirm.

At its April, 1976 meeting the District voted approval for the construction of two new schools one of which, the Park Lane Elementary School, is the subject of this appeal. On December 8, 1976, the District conducted a public hearing to review the estimated construction costs pursuant to the provisions of Section 701.1 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §7-701.1, commonly known as Act 34 or the Taj Mahal Act.[1] Final building construction costs were announced by the District in August of 1977 and the Department gave its final approval the following month.

Petitioners take the position that under the facts of this case the District was obligated by the terms

[1] Added by the Act of June 27, 1973, P.L. 75.

of Act 34 to conduct a second public hearing prior to final approval by the Department. The pertinent language of Section 1 of Act 34 provides:

> If the final building construction cost bids to be submitted to the Department of Education for approval are less than the aggregate building expenditure standard hereafter specified but exceed by eight (8) per cent or more the initial building construction cost estimates submitted to the Department for approval, a second public hearing shall be held before the Department shall give its final approval.

It is unnecessary to cite authority for the general proposition that official acts of an agency of the State such as the Department of Education carry with them a presumption of regularity. At the appropriate times, the District certified to the Department for its consideration figures representing the initial building construction cost estimates and the final building construction cost bids for the Park Lane Elementary School. The Department examined the submitted data and concluded that the figures for the latter amount did not exceed by 8 per cent or more the figure for the former amount. Having decided so, it was unnecessary for the District to conduct a second public hearing prior to final Departmental approval.

Our review of the record in this case has failed to substantiate petitioners' allegations of irregularity.

Accordingly, we will enter the following

### Order

And Now, August 3, 1979, the appeal of the Citizens for Open Air Recreation from the Order of the Pennsylvania Department of Education entered on September 15, 1977 giving approval to the William Penn School District for the construction of the Park Lane Elementary School is hereby dismissed.